Meyer, J.
(dissenting). Were paragraph 4(b) all that this case involved I would agree with the majority. Here, however, the agreement contained an additional paragraph reading “5. It is understood that this Agreement shall continue in effect only until the final Shareholders Agreement shall be formulated and executed by the parties.”
The last sentence of paragraph 4(b) establishes beyond peradventure that the parties were aware that they had not provided explicitly for the method of evaluation. The *979 preceding sentence of paragraph 4(b) makes clear that pending execution of the final agreement the evaluation was to be made by the accountant and his evaluation was to be binding, and paragraph 5 establishes that the interim method of evaluation by the accountant would continue only until the more explicit agreement was prepared. Unfortunately for plaintiff, no final agreement was ever prepared. That, however, does not militate against holding the parties to their interim agreement for evaluation by the accountant.
The only issue open to plaintiff, therefore, should be whether the method used by the accountant reasonably complied with the usual evaluation methods for, to give an absurd example, no one would argue that if he evaluated one shareholder’s stock at $100,000 a share because he had red hair and another’s at $1 because he did not, the parties would be bound by that. As the majority appears to agree, Special Term erred in holding the cash basis method used by the accountant “incorrect” solely on the ground that the rule declared in Jackson v Hunt, Hill & Betts (7 NY2d 180) and Matter of Lester (Berman) (61 AD2d 935) applied to this professional corporation. Plaintiff should be permitted to present evidence, if he can, establishing the impropriety of the evaluation method used by the accountant in valuing plaintiff’s shares, but until he has had that opportunity neither he nor defendants are entitled to summary judgment.
Accordingly, I would modify the order of the Appellate Division to deny plaintiff’s motion for summary judgment and, as so modified, would affirm.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents in part and votes to modify in an opinion in which Judge Fuchsberg concurs.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.